# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3805 | **DATE** | July 9, 2010 |
| **CASE TITLE** | Will Stewart (55796-179) v. Kankakee County | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $6.00 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Milan Federal Correctional Institution. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim/lack of jurisdiction. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate at the Milan Federal Correctional Institution, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that Kankakee County failed to follow proper administrative procedures when it "wrote" tickets on his drivers license instead of his auto dealer's licence. He claims to bring suit pursuant to the federal Administrative Procedures Act, 5 U.S.C. § 706(2)(d). He further specifies that he "does not seek relief pursuant to 42 U.S.C. § 1983," but does "seek review of an agencies [sic] actions pursuant to 28 U.S.C. § 1331 . . . and 5 U.S.C. § 706." Plaintiff includes correspondence from the Collection Department of the County of Kankakee State's Attorney's Office regarding his fines from seven tickets and correspondence from the Illinois Secretary of State Office regarding his tickets.

Plaintiff relies on the APA in asserting federal question jurisdiction. The APA provides a cause of action for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute." However, the APA alone does not confer an independent grant of subject matter jurisdiction in this Court. See *California v. Sanders*, 490 U.S. 99, 107 (1997); *Michael Reese Hosp. & Medical Center v.*

JJD

**STATEMENT**

*v. Thompson*, 427 F.3d 436, 440 (7th Cir. 2005). Plaintiff improperly relies on the APA for subject matter jurisdiction. Nor can Plaintiff bring his claim as a mandamus action in this Court to compel the state or county agency to act in certain manner. *See Fullan v. Commissioner of Corrections*, 891 F.2d 1007, 1010 (2nd Cir. 1985) (federal courts are without power to compel action by state officials); *Jones v. Burris*, 825 F. Supp. 860, 861 (N.D. Ill. 1993 (Shadur, J.) (mandamus not available because federal court lacks mandamus jurisdiction to compel state official to act). Thus, the Court lacks subject matter jurisdiction over Plaintiff's claim.

Moreover, the APA, a federal statute, applies to federal agency action, not state or county agency action. See 5 U.S.C. § 701(b)(1) (defining agency as "each authority of the Government of the United States"). Here, Plaintiff seeks a review of a county and/or state agency's decision. Any review of such a decision cannot be made under the federal APA.

Based on the foregoing analysis, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court to the extent that the state offers a remedy for Plaintiff. For example, Plaintiff may be able to seek review in the Illinois Circuit Court. See 735 ILCS 5/3-104; *Illinois Dept' of Human Services v. Porter*, 396 Ill. App. 3d 701, 715 (2009) (under the Illinois Administrative Review Act, the Illinois Circuit Courts have jurisdiction to review final administrative agency decision).

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."